UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MICHEL TOLIVER,                         :
                    Plaintiff,          :
                                        :   10 Civ. 5805(DLC)
          -v-                           :
                                        :   MEMORANDUM OPINION
COMMISSIONER OF N.Y.C. DOC, et al.,     :       & ORDER
                                        :
                    Defendants.         :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

On August 2, 2010, Michel Toliver ("Toliver"), the plaintiff, who at the time of filing was incarcerated and is proceeding pro se, filed this 42 U.S.C. § 1983 action and requested to proceed in forma pauperis. The Court granted Toliver's request on August 2, 2010. On November 24, the defendants requested that the Court direct Toliver to show good cause why his in forma pauperis status should not be revoked pursuant to 28 U.S.C. § 1915(g). On December 3, the Court issued an Order to Show Cause. On January 13, 2011, the Court vacated the December 3, 2010 Order and concluded that Toliver's in forma pauperis status should not be revoked pursuant to 28 U.S.C. § 1915(g). The Court ordered any defendant wishing to litigate this issue to file the appropriate motion.

On March 7, the defendants filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C.

§ 1915. For the following reasons, defendants' motion is denied.

## DISCUSSION

Under § 1915(g), a prisoner may not file

> a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision, commonly referred to as the "three-strikes provision" of the Prison Reform Litigation Act of 1996, applies to any person who is a prisoner at the time the complaint is filed. Harris v. City of New York, 607 F.3d 18, 21-22 (2d Cir. 2010).

Defendants argue that Toliver's in forma pauperis status should be revoked because he accumulated four strikes prior to filing this action. See Toliver v. Dep't of Corr., et al., No. 07 Civ. 3017 (S.D.N.Y. Apr. 16, 2007); Toliver v. Dep't of Corr., et al., No. 07 Civ. 4539 (S.D.N.Y. Sept. 11, 2007); Toliver v. Prison Health Services, et al., No. 07 Civ. 4575 (S.D.N.Y. Sept. 11, 2007); Toliver v. New York City Police Dep't S.O.M.U., et al., No. 07 Civ. 5877 (S.D.N.Y. Sept. 11, 2007).

2

Out of these four cases, however, only 07 Civ. 3017 constitutes a strike within the meaning of § 1915(g). In that case, Toliver alleged that he slipped and injured himself while incarcerated at Rikers Island. The case was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The cases under docket numbers 07 Civ. 4539, 4575 and 5877 were not dismissed on the grounds that they were frivolous or malicious.

Defendants contend that 07 Civ. 4539, 4575 and 5877 were all dismissed for failure to state a claim since the plaintiff's complaints were dismissed after he failed to file an amended complaint. While Toliver was given an opportunity to amend his complaint in each of these actions, and each of these complaints was dismissed after Toliver failed to do so, his complaints were not facially deficient and were not dismissed as such.

In 07 Civ. 4539, Toliver alleged two claims: that two correction officers assaulted him and that an adjudication officer denied him due process during a disciplinary hearing. The Court granted him leave to amend his complaint to name the officers who assaulted him. The due process claim did not require amendment.

In 07 Civ. 4575, Toliver alleged seven claims, including two medical claims. The two medical claims did not require amendment and were therefore viable. The Court provided Toliver

with the opportunity to amend to provide more detail to his other five claims.

Finally, in 07 Civ. 5877, Toliver pleaded two false arrest claims. Toliver was granted leave to amend to add to the caption the names of defendants who were identified in the body of the complaint.

## CONCLUSION

The defendants' March 7 motion is denied.

SO ORDERED:

Dated:   New York, New York
         June 21, 2011

                              _____
                                    DENISE COTE
                              United States District Judge

COPIES SENT TO:

Michel Toliver
10-A-4565
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

Bradford C. Patrick
Assistant Corporation Counsel
Special Fed. Litigation Division
The City of New York Law Dept.
100 Church Street
New York, NY 10007