```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MICHEL TOLIVER,                         :
                        Plaintiff,      :
                                        :       10 Civ. 5805 (DLC)
            -v-                         :
                                        :       OPINION & ORDER
COMMISSIONER OF NYC D.O.C. et al.,      :
                        Defendants.     :
                                        :
----------------------------------------X
```

Appearances:

For plaintiff:

Michel Toliver, pro se
#10-A-4565
Shawangunk Correctional Facility
200 Quick Road
P.O. Box 700
Wallkill, NY 12589

For defendants:

Steven M. Silverberg
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

    The defendants have requested that the complaint in this case be dismissed pursuant to Rules 37(b)(2) and 41(b), Fed. R. Civ. P.  The complaint is dismissed with prejudice.

BACKGROUND

The plaintiff Michael Toliver ("Toliver"), proceeding pro se, filed the complaint in this case on August 2, 2010, seeking relief pursuant to 28 U.S.C. § 1983 for violations of his constitutional rights.[1] Toliver alleges that retaliatory actions were taken against him by members of the New York City Department of Correction ("NYC DOC") for complaining that corrections officers assaulted him.

An initial pretrial conference was held on March 4, 2011 and by Order of the same day, discovery was scheduled to close on July 29, 2011. Toliver is currently an inmate at the Shawangunk Correctional Facility ("SCF"), a facility of the New York State Department of Correctional Services ("DOCS"). The defendants therefore arranged to take the plaintiff's deposition by video conference at the Southern District Courthouse on July 25. Toliver does not dispute that he was given notice of the deposition. The Court's July 7 Order to Produce Inmate for Deposition (the "Production Order") directed prison officials at

---

[1] As of this date, Toliver has filed a total of 15 complaints in this district, under the following docket numbers:  10 Civ. 0822 (RJS); 10 Civ. 3165 (PAC); 10 Civ. 5354 (DAB); 10 Civ. 5355 (PAE); 10 Civ. 5803 (LTS); 10 Civ. 5804 (AKH); 10 Civ 5805 (DLC); 10 Civ. 5806 (SHS); 10 Civ. 5807 (PGG); 10 Civ. 6298 (RJH); 10 Civ. 6619 (PAC); 10 Civ. 6666 (RJS); 10 Civ. 7711 (LAP); 10 Civ. 7798 (RJS); and 11 Civ. 4330 (LAP).  Thirteen remain pending.  In virtually every case, Toliver has filed suit against corrections officers and prison officials for alleged violations of his constitutional rights while in state custody.

SCF to make Toliver available on July 25 for the videoconference deposition.

The deposition commenced at approximately 11:15 a.m. on July 25.[2]  At the outset, Toliver stated that he did not have a copy of the Production Order, and refused to go forward without "verification" from the Court.  When defense counsel offered to hold a copy of the Production Order up to the camera for Toliver's examination, Toliver insisted that he had a right to a hard copy of the order.  Defense counsel then contacted the Court and relayed to Toliver that the Court could fax a copy of the Production Order to SCF, or, in the alternative, Toliver could speak directly with the Court.  Toliver stated that he would only be willing to go forward if a hardcopy were faxed <u>and</u> he had an opportunity to speak directly to the Court.

The Court thereupon joined the parties by telephone conference.  Defense counsel explained that Toliver was unwilling to move forward with his deposition because he had not received a copy of the Production Order and because Toliver wanted to hear directly from the Court as to whether the deposition should go forward.  The Court explained that it was not unusual for a prisoner's deposition to be taken by video conference, and told Toliver that "I want to give you an

---

[2] The July 25 deposition transcript has been separately docketed and filed.

opportunity to be heard about it, is there anything would you [sic] like to tell me?" Toliver confirmed to the Court that he had received notice of his scheduled deposition from defendants, but claimed that that notice was insufficient to participate. He stated that he required "a copy of your Honor's indication and an order that [he] should be a participant today." The Court then explained to Toliver that no court order is necessary to require a party to a lawsuit to participate in a deposition, and that the Production Order merely allowed the deposition to go forward by videoconference. Toliver was further advised that failure to participate could result in sanctions being entered against him, including dismissal of his action. The Court then ordered Toliver to participate in the deposition. The parties then thanked the Court for joining their conference call.

After the telephone conference with the Court ended, defense counsel inquired whether Toliver was now ready to proceed. Toliver asked about the faxed copy of the Production Order. The parties went off the record for nearly an hour. At 12:28 p.m., Toliver confirmed that he had in his possession a faxed copy of the Production Order. He was still unwilling to proceed, however. Having demanded and received a faxed a copy of the Production Order, Toliver then insisted that the copy remain in his possession or be destroyed in front of him. Defense counsel stated that he had been informed by SCF

officials that facility regulations required that a corrections officer retain control of the document.  Toliver again stated that he was unwilling to go forward under those circumstances.  Toliver demanded to speak with a Sergeant or other high-ranking officer with DOCS.  He expressed concern that a document containing the caption of the case, including individually-named defendants would present a threat to his well-being and could result in retaliation by DOCS staff, even though the defendants in his action are members of the NYC DOC, which is a New York City agency, rather than the state facility at which the plaintiff is incarcerated.

Defense counsel then sought to confirm with Toliver that the dispute over control over the document would prevent Toliver from testifying because of a perceived security concern.  After Toliver stated that this was "possibly" the case, defense counsel suggested that the parties adjourn the deposition.  Toliver again asked to see a supervisory corrections officer.  Upon the arrival of an SCF Inmate Record Coordinator ("IRC"), Toliver was again advised that facility regulations required that the document remain in the custody of SCF officials.  The IRC stated that the document would be placed in Toliver's inmate legal folder.

After the IRC's departure, defense counsel asked Toliver whether it was still Toliver's position that he could not go

forward with the deposition.  Toliver responded that the IRC was a "civilian," and thus couldn't tell "what's going to happen to a document if it's a security concern."

In the midst of contesting the IRC's account of what would happen to the document, Toliver apparently greeted a particular corrections officer by name.  Several minutes later, his dispute over the document still unresolved, Toliver raised a new issue.  In response to defense counsel's request that Toliver state for the record why he was unable to participate, Toliver stated that the officer that he had greeted presented a security threat.  According to Toliver, that officer had threatened Toliver and used racial and homophobic slurs against him following an earlier deposition in a different matter.  Defense counsel again reminded Toliver of the Court's order to participate.  In response, Toliver stated that the officer "has threatened bodily harm" and that Toliver had "been made a victim already after our deposition, I have been made a victim, physical victim already."  He demanded the removal of the officer before proceeding.

Defense counsel sought clarification from Toliver as to whether Toliver would participate.  Toliver stated that he would not, and demanded to see a Sergeant.  When defense counsel offered to call the Court because of Toliver's security concerns, Toliver initially told him to stop, but later agreed to participate in such a call.  Defense counsel was unable to

reach the Court.  Upon clarifying with Toliver that the presence of the officer outside of the deposition room would prevent Toliver from participating in the deposition, defense counsel sought to adjourn the deposition and requested that Toliver confirm that he understood.  For awhile, Toliver refused to answer or say anything.  When defense counsel indicated for the record that the deposition was adjourned, Toliver then stated that he was willing to proceed.  Defense counsel, however, adjourned the deposition since there was no longer enough time to complete the deposition that day.  The session, which began at 11:15, ended over two and a half hours later, at 1:54 p.m., without the deposition having begun.

By letter of July 26, 2011, defendants requested that Toliver's complaint be dismissed with prejudice for failure to prosecute, Fed. R. Civ. P. Rule 41(b), and as a sanction for failure to participate his deposition, Rule 37(b)2).  On September 2, Toliver was ordered to show in writing why defendants' request should not be granted.  By letters of September 9 and October 12, Toliver confirmed that he had refused to participate in the deposition.[3]  Toliver alleged that

---

[3] Toliver's September 9 letter contained an affirmation of service upon defendants.  By letter of October 5, 2011, the defendants state that they had not received a copy of any letters from Toliver responsive to the Court's September 2 Order.

7

he had previously been deposed by the same Assistant Corporation Counsel at the SCF in a different matter, that corrections officers had been present at that deposition, and that after the deposition he had been physically assaulted by officers in an adjacent hallway.  Toliver claimed that similar circumstances at the start of the July 25 deposition put him at renewed risk and that concern for his own safety prompted his refusal to participate.  Toliver further claimed that defense counsel exploited Toliver's position as an inmate to "intimidate . . . and leave me vulnerable for officers [sic] retaliation," and that defense counsel "continued asking [Toliver] about [his] past criminal record and the logistics behind this lawsuit, even after [Toliver] told [defense counsel] that [Toliver] felt [his] life was in danger."  As a result, Toliver states that he intends to bring claims against defense counsel in a lawsuit to be filed in another district.

DISCUSSION

    Rule 41(b) authorizes dismissal of a complaint "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."  Rule 41(b), Fed. R. Civ. P.  The five factors to be analyzed in adjudicating such a motion are whether the failure to prosecute caused a significant delay, whether the plaintiff was given notice that further delay would result in dismissal,

8

whether the defendant is likely to be prejudiced by the delay, whether any need to alleviate court calendar congestion outweighs the plaintiff's right to its day in court, and whether lesser sanctions are appropriate.  Lewis v. Rawson, 564 F.3d 569, 575-82 (2d Cir. 2009); United States ex rel. Rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254-58 (2d Cir. 2004); Shannon v. General Electric Co., 186 F.3d 186, 194-96 (2d Cir. 1999). In analyzing the factors, the court reviews the record as a whole, conscious of the fact that dismissal is a harsh remedy to be used "only in extreme situations."  Drake, 375 F.3d at 254. A dismissal with prejudice ordinarily occurs as a sanction for "dilatory tactics during the course of litigation or for failure to follow a court order."  Lewis, 564 F.3d at 576.

    The defendants have shown that dismissal with prejudice is appropriate.  First, significant delay has resulted from Toliver's failure to participate in the deposition.  Discovery in this case was scheduled to close on July 29.  Defendants, however, have been unable to fully investigate Toliver's claims due to his refusal to participate in the July 25 deposition.

    Toliver was directly notified that his failure to participate could result in dismissal.  Indeed, Toliver demanded that he be ordered by the Court to participate in the deposition, was ordered to participate, and was also informed by

the Court on July 25 that failure to participate in the deposition could result in dismissal for failure to prosecute.

The defendants would be prejudiced by further delay in this case because they have already expended considerable effort attempting to take Toliver's deposition, including arranging for a court reporter and the use of the Court's audio-visual technology.  Toliver's dilatory conduct has consumed defendants' time and resources.  Furthermore, Toliver's meretricious allegations concerning the conduct of defense counsel threaten to make this litigation even more difficult and lengthy for defendants.  Concern for congestion of the Court's calendar also argues in favor of dismissal, since the defendants were unable to timely conclude discovery due to Toliver's refusal to participate in his deposition.

A dismissal with prejudice is warranted and lesser sanctions would not, in these circumstances, be appropriate. Toliver's reasons for refusing to participate in the deposition included his demand that he speak with the Court, that he see a hard copy of the Production Order, that he speak with various supervisory prison officials, and that certain Corrections Officers be removed from the vicinity.  His actions wasted the resources of the Court, defense counsel, and the corrections facility in which he was housed.  The record of July 25 creates the strong inference that Toliver had no intention of

participating in his deposition.  To avoid participating, he placed a series of obstacles before defendants.  This is precisely the sort of dilatory conduct in discovery that, if widely adopted by litigants would create tremendous calendar congestion and impose significant burdens on all participants in litigation.  The Court is mindful that Toliver is proceeding pro se; nevertheless, "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisory Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In response to the Court's September 2 Order to Show Cause, Toliver has relied almost exclusively on his account of abuse following a June 1 deposition in the separate action to justify his conduct on July 25.  Toliver's claims of prior abuse following the other deposition, first made to this Court in the September 9 Letter, do not warrant a different outcome.  Section 1983 plaintiffs fearing official retribution for litigating their cases must bring their specific concerns to district courts in a timely fashion, or show good cause for failure to do so.  See Lewis, 564 F.3d at 579 (upholding district court's denial of continuance where plaintiff "fail[ed] to alert the

11

district court to his concerns . . . in a timely fashion"). If Toliver had a specific and genuine basis for believing that participating in the deposition at SCF would result in retribution, he should have so alerted the Court prior to the deposition date. At the very least, when the Court ordered Toliver to participate on July 25, Toliver should have made plain to the Court that he would not participate because of the incident of abuse that followed a prior deposition at SCF. Bringing these allegations to the Court's attention in the September 9 Letter does not constitute timely notification. Toliver has not demonstrated good cause for failing to bring these allegations to the Court's attention in a timely manner.

CONCLUSION

The defendants' July 26, 2011 request is granted. The plaintiff's August 2, 2010 complaint is dismissed with prejudice for failure to prosecute. The Clerk of Court shall close this case.

SO ORDERED:

Dated:   New York, New York
         November 3, 2011

                              _____
                              DENISE COTE
                              United States District Judge

COPIES SENT TO:

Michel Toliver
#10-A-4565
Shawangunk Correctional Facility
200 Quick Road
P.O. Box 700
Wallkill, NY 12589

Steven M. Silverberg
Assistant Corporation Counsel
The City of New York Law Dept.
100 Church Street
New York, NY 10007